# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  December 18, 2020

```
* * * * * * * * * * * * *
MARY LOU DVORAK,                 *      No. 19-1544V
                                 *      Special Master Sanders
             Petitioner,         *
                                 *      UNPUBLISHED
v.                               *
                                 *
SECRETARY OF HEALTH              *      Attorneys' Fees and Costs
AND HUMAN SERVICES,              *
                                 *
             Respondent.         *
* * * * * * * * * * * * *
```

Harrison W. Long, Rawls Law Group, Richmond, VA, for Petitioner;
Althea W. Davis, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 3, 2019, Mary Lou Dvorak ("Petitioner") filed a petition for compensation on behalf of her deceased husband, Henry Dvorak ("Mr. Dvorak"), pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the influenza vaccine Mr. Dvorak received on November 13, 2017, caused him to develop transverse myelitis which resulted in permanent extremity weakness, partial paralysis, and death. On July 29, 2020, Petitioner filed an unopposed motion for a decision dismissing her petition, indicating that "for reasons personal to [her] . . . she no longer would like to proceed with the case." ECF No. 19.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 4, 2020, the undersigned issued her decision dismissing the petition for insufficient proof. ECF No. 20.

On September 3, 2020, Petitioner filed a motion for attorneys' fees and costs. ECF No. 24 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $29,015.88, representing $25,920.40 in attorneys' fees and $3,095.38 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner has indicated that she has not incurred any out of pocket costs. *Id.* at 3. Respondent responded to the motion on September 17, 2020, stating that "[i]f the Special Master is satisfied that this case was filed and proceeded with a reasonable basis, and the Special Master further decides to exercise her discretion to award fees and costs in this uncompensated case, then the Federal Circuit has made it clear that the determination of the amount of reasonable attorneys' fees is within the special master's discretion." Resp't's Resp. at 3, ECF No. 25 (internal citations and quotations omitted). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, although the petition was eventually dismissed, the undersigned does not doubt that the claim was brought in a good faith belief that

the vaccination caused Mr. Dvorak's injury, and the undersigned find that the claim had a reasonable basis to proceed for as long as it did. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her attorneys at Rawls Law Group: for Mr. Harrison Long, $215.00 per hour for work performed in 2019 and $235.00 per hour for work performed in 2020; for Mr. Ted McFadden, $395.00 per hour for work performed in 2018 and $422.00 per hour for work performed in 2019; and for Mr. Glen Sturtevant, $339.00 per hour for work performed in 2019. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein. *See, e.g., Rowell v. Sec'y of Health & Human Servs.*, No. 18-1951V, 2020 WL 2510435, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2020).

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

The undersigned has reviewed the submitted billing entries and finds that the hours billed are largely reasonable. However, the undersigned must reduce the final award of fees due to time billed by paralegal Tracey Copeland. Ms. Copeland only has two billing entries: 5.0 hours on 8/2/2018 for "Case review" and 17.0 hours on 9/28/2018 for "Additional case review." Fees App. Ex. 1 at 1. Beyond the fact that it is exceedingly unlikely that a paralegal expended 17 hours in a single day reviewing a case, these entries are vague because they do not describe what was being reviewed. This is particularly relevant because these are two of the first three billing entries, and it is unclear what materials counsel would have at this point which would merit such extensive time reviewing. Other contemporaneous entries indicate more detailed time billed by paralegals and Mr. McFadden for review of intake materials that are more typical with what is expected at the very beginning of a case.

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Therefore, due to the excessive and vague nature of this time billed, the undersigned finds it to be non-compensable. This results in a reduction of $3,344.00. Petitioner is therefore awarded final attorneys' fees of $22,576.40.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,095.38 in attorneys' costs, comprised of acquiring medical records, postage, and the Court's filing fee. Petitioner has provided adequate documentation of all these expenses and they appear reasonable for the work performed in this case. Petitioner is therefore awarded the full amount of costs sought.

### II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $25,920.40 |
| (Reduction to Fees) | - ($3,344.00) |
| **Total Attorneys' Fees Awarded** | **$22,576.40** |
| | |
| Attorneys' Costs Requested | $3,095.38 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,095.38** |
| | |
| **Total Attorneys' Fees and Costs** | **$25,671.78** |

**Accordingly, the undersigned awards a lump sum in the amount of $25,671.78, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.